**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
Civil Division

| | |
|---|---|
| **FERESHTEH JESTICE**<br>2403 Myrtle Lane<br>Reston Virginia  20191<br><br>and<br><br>**AARON JESTICE**<br>2403 Myrtle Lane<br>Reston, Virgnia 21901<br>Greenbelt, Maryland 20770<br><br>    Plaintiffs,<br><br>vs.<br><br>**KAISER FOUNDATION HEALTH<br>PLAN OF THE MID-ATLANTIC STATES, INC.<br>d/b/a Kaiser Permanente**<br>2101 East Jefferson Street<br>Rockville, Maryland  20852<br><br>SERVE: Prentice Hall System, Maryland<br>         11 E. Chase Street, Suite 9<br>         Baltimore, Maryland 21202<br>and<br><br>**MID-ATLANTIC PERMANENTE MEDICAL<br>GROUP, P.C.**<br>2101 East Jefferson Street<br>Rockville, Maryland 20852<br><br>SERVE: Prentice Hall System, Maryland<br>         11 E. Chase Street, Suite 9<br>         Baltimore, Maryland 21202<br><br>    Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.: _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> |

## **COMPLAINT**

Now comes the Plaintiffs, Fereshteh Jestice and Aaron Jestice ("Plaintiffs"), by and through

their attorneys, Annie P. Kaplan and Karp, Frosh, Lapidus, Wigodsky, & Norwind, and make claim against the Defendants, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., M.D. Mid-Atlantic Permanente Medical Group, P.C. ("Defendants") and in support of their claim state as follows:

## JURISDICTION AND PARTIES

1.  Subject matter jurisdiction in this action is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. Plaintiff is a citizen of the Commonwealth of Virginia and Defendants are citizens of Maryland.

2.  The cause of action arose in Maryland and venue is proper in this District pursuant to 28 U.S.C. §1391 (a)(2).

3.  At all times relevant to this claim, the Defendants, Kaiser Foundation Health Plan of the Mid-Atlantic States, Inc., ("Kaiser") and Mid-Atlantic Permanente Medical Group, P.C. ("Mid-Atlantic Permanente") ("Defendants") were and are health maintenance organizations or corporations licensed to provide health care services in the State of Maryland and operating within the State of Maryland at 62101 East Jefferson Street, Rockville, Maryland 20852. Each such Defendants, corporation, or health maintenance organization is organized under the laws of the State of Maryland, upon information or belief.

4.  Each Defendant represented to the Plaintiffs and the public at large that it/he possessed the degree of skill, knowledge, and ability ordinarily possessed by a Defendant under the same or similar circumstances, and each Defendant owed a duty to the Plaintiff and the public at large to exercise the degree of care, skill, and judgment exercised by such a physician, health maintenance organization, or professional medical association in like or similar circumstances in the care and treatment of the Plaintiff, Fereshteh Jestice.

5. Upon information and belief, the Defendants, Kaiser and/or Mid-Atlantic Permanente, employed or contracted, as the principal, the physician, physicians, or others who rendered care and treatment to the Plaintiff as described herein and thus are liable under the doctrine of respondeat superior and/or theories of corporate liability for any negligent acts and omissions committed by their employees, agents, or agents in the medical management of the Plaintiff.

6. In or about August, 2003, the Plaintiff, Fereshteh Jestice, presented to Kaiser at their facility in Kensington, Maryland for evaluation of the clinical findings in her left breast. At that time and place the Defendants named herein recommended Ms. Jestice undergo removal of bilateral breast implants and biopsy of her left breast. The Plaintiff again presented to Kaiser Permanente Medical Center in Kensington, Maryland on August 26, 2003 for the recommended surgery which was performed by Defendants employee, agent and/or servant Phillip Iorianni, M.D.

7. During the course of this surgery, Dr. Iorianni determined that the silicone implant in the left breast had ruptured and readily observable silicone particles were in the breast tissue of Ms. Jestice's left breast.

8. At the time and place, Dr. Ioranni removed some of the silicon particles. He also, however, elected to leave some of these particles in the breast tissue rather than carefully remove the residual particles. Dr. Iorianni advised Plaintiffs that he had left a small amount of residual silicone in Ms. Jestice's left breast tissue and that this would not pose any problem for Ms. Jestice.

9. Following this procedure, however, Ms. Jestice experienced non healing of her surgical wound in her left breast with dehiscence of the wound and drainage of purulent material. She required antibiotic therapy, drainage and debridement by the Defendants, agents and employees, named herein. Notwithstanding this treatment, her left breast wound remained open, painful and draining purlent material. At no time did the Defendants, through herein agents and

3

employees, named herein recommend a second surgery to remove the residual silicone particles left in Ms. Jestice's breast by Dr. Iorianni at his surgery in August, 2003, or advise her that the silicon particles were left in her breast tissue during the surgery on August 23, 2003 were the cause of her ongoing problems of wound dehiscence, pain and drainage in the left breast.  Instead, she was told that her complaints arose from standard post-operative wound complications.

10. In or about October, 2003, Ms. Jestice sought additional surgical opinions concerning her ongoing problems from her unhealed left breast, which had remained open, painful and draining purulent discharge.

11. In or about December, 2003, Ms. Jestice underwent a second surgery to remove the breast tissue containing the retained silicone particules.  At this surgery, it was determined that, notwithstanding Defendants previous assurances that almost all of the silicone particles had been removed, in fact a great deal of residual silicone remained in Ms. Jestice's left breast and that these foreign bodies had caused Ms. Jestice's problems of wound dehiscence, pain and drainage in the left breast.  The silicone was removed easily during this second procedure.  Additional breast tissue, which had been damaged by the retained silicone, was also removed and drains were placed.

12. Thereafter, Ms. Jestice remained under the care of her subsequent treating physicians for her post-operative care.

## Count I - Medical Negligence

13. The allegations contained in paragraphs one through twelve are adopted and incorporated herein by reference as though expressly stated.

14. The Plaintiff, Fereshteh Jestice brings this action for medical negligence for the personal injuries, pain and anguish, medical and other reasonable and necessary expenses, and other economic and non-economic expenses and other injuries and damages sustained by her.

15. The Defendants, and each or any of them, deviated from the standard of care in the

medical care and treatment provided the Plaintiff, were negligent, and breached the duty imposed upon them, including but not limited to the following ways:

    a.    Failing to properly remove the silicone particles from Ms. Jestice's breast during the surgery on August 26, 2003;

    b.    Leaving foreign material is a surgical site when they knew or should have known that its presence would likely harm the patient;

    c.    Failing to advise the patient that a substantial amount of residual silicone was left in Ms. Jestice's breast during the surgery of August 26, 2003;

    d.    Failing to advise Plaintiff that the residual silicone left in her breast was the likely cause of her problems and recommend treatment for this condition;

    e.    Failing to manage Plaintiff's medical condition in a proper manner and permitting her condition to worsen due to delay in treatment;

    f.    Failing to request assistance or refer Plaintiff to an appropriate specialist;

    h.    Failing to determine the cause of the Plaintiff's post-operative wound dehiscence in a timely manner;

    i.    Representing to the Plaintiff that she did not suffer from a serious condition from retained foreign material in her breast;

    k.    Failing to advise the Plaintiff of risks and hazards associated with retention of foreign bodies in a surgical wound, including wound dehiscence, pain, drainage, failure to heal and damage to previously healthy tissue;

    l.    Failing to employ recognized and appropriate tests and examinations to determine the cause of Plaintiff's problems;

    m.    The Defendants were negligent in other respects;

    n.    The Plaintiff relies on the doctrines of res ipsa loquitor and informed consent.

16. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each or any of them, the Plaintiff, Fereshteh Jestice, with no negligence on her part, has suffered and will suffer personal injuries and damages, physical pain and suffering, and emotional pain and suffering; was caused and will be caused to incur medical, hospital, and pharmaceutical expenses and has suffered and will suffer other losses and damages.

17. This matter was the subject of a Maryland Health Claims Arbitration proceeding filed against Defendants. Arbitration was waived and the case was transferred out of Health Claims Arbitration. Attached is Plaintiff's Election to Waive Arbitration and the Order of Transfer. Accordingly, this action is properly and timely filed in this Court.

WHEREFORE, the Plaintiff, Fereshteh Jestice claims compensatory damages in an amount that exceeds the minimum jurisdictional requirement of this Court, plus costs and interest, against the Defendants and each or any of them under count one of the statement of claim.

## Count Two - Loss of Spousal Consortium

18. The allegations contained in paragraphs one through seventeen are adopted and incorporated herein by reference as though expressly stated.

19. The Plaintiffs, Fereshteh Jestice and Aaron Jestice, husband and wife, bring this action jointly for their loss of spousal consortium.

20. The Plaintiffs jointly bring this claim to recover damages for each of their loss of consortium, society, services, and the damages resulting directly from the negligence of the Defendants and each or any of them aforesaid.

21. As a direct and proximate result of the negligence acts and omissions of the Defendants, and each or any of them, and the resulting injuries and damages to the Plaintiffs with no negligence on their part, the Plaintiffs jointly suffered and will continue to suffer injuries and damages to their marital relationship including but not limited to the loss of consortium, society,

services, and associated losses and damages.

WHEREFORE, the Plaintiffs, Fereshteh Jestice and Aaron Jestice, jointly claim compensatory damages in an amount that exceeds the minimum jurisdictional requirement of this Court, plus costs and interest, against the Defendants and each or any of them jointly and severally under count two of the statement of claim.

        Respectfully Submitted,

        **KARP, FROSH, LAPIDUS, WIGODSKY & NORWIND, P.A.**


        /s/ Annie P. Kaplan
        Annie P. Kaplan, Federal Bar No. 14548
        1133 Connecticut Avenue, NW, Suite 250
        Washington, D.C. 20036
        (202) 822-3777

        *Attorney for Plaintiffs Fereshteh Jestice and Aaron Jestice*

## JURY DEMAND

Plaintiff demands trial by jury for all issues raised herein.

        /s/ Annie P. Kaplan
        Annie P. Kaplan